**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                        Case No.:    3:18-cr-167-J-34PDB

JONATHAN CODY

_____/

**ORDER**

This case is before the Court on Defendant Jonathan Cody's pro se Emergency Motion for Compassionate Release (Doc. 76, Motion) and counseled Supplement to the Motion for Compassionate Release (Doc. 83, Supplement). Cody is a 55-year-old inmate incarcerated at Edgefield FCI, serving a 37-month term of imprisonment for possession of a firearm while an unlawful user of a controlled substance. (Doc. 70, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on November 25, 2021. Cody seeks a reduction in sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), because he has "severe asthma" and because of what he calls BOP's "abysmal failure" to protect inmates from the Covid-19 pandemic. Motion at 2.

The United States opposes the Motion because Cody did not exhaust his administrative remedies, because Cody has not demonstrated extraordinary and compelling circumstances, because the BOP is taking significant measures to respond to the Covid-19 crisis, and because the § 3553(a) factors do not support a reduction in sentence. (Doc. 85, Response).

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c)

1

provides in relevant part:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement on compassionate release is set forth at U.S.S.G. § 1B1.13.[1] A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7,

---

[1] The policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> **(1)**  **(A)** Extraordinary and compelling reasons warrant the reduction; or
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary defines "extraordinary and compelling reasons" to mean a defendant's medical condition, old age, certain family circumstances, or "other reasons" as determined by the Director of BOP, as set forth in § 1B1.13, cmt. 1.

2

2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate).

The record indicates that Cody submitted a request for compassionate release to the warden of his facility on March 29, 2020. (Doc. 83-2, Inmate Request). The warden denied the request on May 5, 2020. (Doc. 83-1, Warden's Denial). In denying the request, the warden explained:

> The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your [reduction in sentence] request is denied at this time.

Id. Cody submitted the Motion on or about May 21, 2020, more than 30 days after he filed the administrative remedy request. See Motion at 1. Accordingly, Cody has satisfied § 3582(c)(1)(A)'s 30-day waiting period, and his administrative remedies are deemed exhausted.

Nevertheless, Cody has not established "extraordinary and compelling" reasons for compassionate release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. As the Third Circuit Court of Appeals recently observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Cody alleges that he suffers from "severe asthma," which he believes places him at heightened risk from Covid-19. According to the Centers for Disease Control (CDC), those who have moderate-to-severe

3

asthma <u>might</u> be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that the CDC confirms increase the risk for severe infection.[2]

That Cody suffers from asthma is offset by several factors: (1) Cody receives treatment for his asthma, including an albuterol inhaler and fluticasone spray (Doc. 84-1, Medical Records at 7), which have alleviated (but not eliminated) his asthma symptoms, <u>see</u> Supplement at 7; (2) the BOP is taking significant measures to respond to the Covid-19 crisis; and (3) only a single inmate at Edgefield FCI is currently reported to be positive for Covid-19, out of 1,523 total inmates.[3] Taken together, the record does not show that Cody suffers from a serious medical or physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he … is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

Moreover, Cody is not eligible for a sentence reduction because the sentencing factors under 18 U.S.C. § 3553(a) do not support early release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Cody pleaded guilty to possessing a firearm while an unlawful user of a controlled substance, and in doing so, admitted that he sold a firearm to a drug dealer in exchange for drugs and money. (Doc. 16, Plea Agreement at 1-2, 15-19); (Doc. 64, Presentence Investigation Report [PSR] at ¶ 19). While out on bond in the instant case, Cody tested positive for cocaine usage following a urinalysis. PSR at ¶¶ 10-13. On April 16, 2019, the Honorable Patricia D. Barksdale, United States Magistrate Judge, revoked Cody's bond, finding by clear and convincing evidence that he had violated the conditions of release by using narcotics and noting that Cody had lied in the past. (Doc. 60, Bond

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3] https://www.bop.gov/coronavirus/. These numbers are updated daily.

4

Revocation Transcript at 35-38; see also Doc. 58, Order Revoking Bond). Cody, who has been in custody since April 16, 2019, has served only around half of his federal term of imprisonment. In view of all the § 3553(a) factors, the record does not warrant early release at this time.

Accordingly, Defendant Jonathan Cody's Emergency Motion for Compassionate Release (Doc. 76) is **DENIED**.[4]

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of July, 2020.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[4] To the extent Cody requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).

5