UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:18-cr-167-MMH-PDB

JONATHAN CODY

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Pursuant to this Court's Endorsed Order, (Doc. 88), the United States of America files this response in opposition to Defendant's Motion for Early Termination of Supervised Release. Doc. 87. Defendant submits that because he has been compliant with his supervised release and meets the statutory requirements for early termination, that he should receive early termination. Doc. 87 at 2. Defendant further argues that he should be granted early termination because he desires to file a writ of coram nobis. *Id.* Defendant's history on pretrial supervision combined with his apparent continued lack of acceptance of responsibility for his actions reveal that defendant is still in need of supervision. His motion should be denied.

**Pertinent Facts**

In September 2017, defendant and his then-fiancée, both of whom were heavily addicted to drugs, sold some of defendant's firearms to their drug dealer, who then sold one of the firearms to an ATF confidential informant. Doc. 68 at 5. The drug dealer later proffered that defendant and defendant's fiancée had sold him

the firearms.  *Id.* at 6.  In February 2018, ATF agents went to defendant's home to interview him.  Defendant lied to the agents and denied having sold any firearms to or having purchased any drugs from the drug dealer.  *Id.*  After being confronted, defendant admitted that his fiancée sold some of his firearms to the drug dealer with his knowledge and consent.  *Id.*  Defendant also admitted to being an unlawful user of cocaine base.  *Id.*

Defendant was offered the opportunity to cooperate with the government regarding investigations of other drug dealers in order to benefit himself, which defendant accepted.  During a controlled purchase, defendant stole a crack rock that he was supposed to turn over to ATF and then lied about having done so.  *See* Doc. 60 at 20-21.

On October 10, 2018, defendant pleaded guilty with a plea agreement to an information charging him with being an unlawful drug user in possession of a firearm.  Doc. 68 at 4.  Defendant was granted a bond and tested positive for cocaine the next day.  *Id.* at 4-5.  Defendant was allowed to remain on bond following a show cause hearing.  *Id.* at 5.

On February 21, 2019, defendant again tested positive for cocaine in a sweat patch.  *Id.*  On April 2, 2019, defendant denied having used cocaine to his pretrial services officer.  *Id.*  On April 15-16, 2019, defendant was the subject of a show cause hearing at which he testified that he had not used drugs since October 5, 2018, and that the cocaine in his sweat could have been residual, Doc. 60 at 5, that he had danced with a woman who might have used cocaine and sweated on him, *id.* at 12,

2

that he used to use a lot of drugs in bed and there could have been cocaine on his pillow, *id.*, and suggested in the alternative that his supervising officer may have contaminated his sweat patch, *id.* at 15. Despite defendant's testimony repeatedly insisting that he had not used cocaine, the magistrate judge found clear and convincing evidence that defendant had used drugs and revoked his bond. *Id.* at 35-36.

In his motion, defendant continues to make untruthful statements to the court about his past behavior. For example, defendant continues to claim that he has not used cocaine since October 2018, despite the overwhelming evidence presented at his bond revocation hearing that he continued to use cocaine while on bond in February 2019. *See* Doc. 87 at 2; Doc. 60. Defendant further implies that he was pressured to cooperate with ATF and "intentionally used drugs as an exit strategy from that agreement," when in fact, defendant was terminated for stealing a crack rock during a controlled purchase. *See* Doc. 60 at 20-21 (defendant testifying that he took a crack rock from a controlled purchase as "a little trophy"). In any event, defendant's cooperation was for his own benefit and if defendant did not wish to cooperate, all he had to do was say so. Defendant further asserts in his motion that he was "legally selling firearms, or at least I was making a good faith attempt to legally sell them," when he admittedly was selling firearms to his drug dealer. Doc. 68 at 5-6 (relating that the drug dealer paid defendant and his fiancée $1000 for defendant's rifle, and defendant and his fiancée then purchased $600 of drugs from the drug dealer).

3

With regard to defendant's history of substance abuse, it is substantial. Defendant is an alcoholic, although he reportedly has been sober since 2016. Doc. 68 at 10; Doc. 87 at 1. Defendant has also been a user of cocaine at various times in his life. Doc. 68 at 10-11. Defendant continued to abuse substances after attending drug treatment in 2009. Doc. 68 at 11.

As directed by this Court, on March 9, 2023, the undersigned spoke with Senior U.S. Probation Officer Jennifer Palmer, who currently is tasked with supervising defendant. The probation officer advised that defendant has been successful on supervision, is gainfully employed, and recently finished paying his fine. The probation officer advised that in the supervising district, it is typical for the probation office to work with defendants on a motion for early termination once they have successfully completed 18 months of supervision, which has not yet happened in defendant's case. The probation officer advised that, had defendant continued on course with his supervision, she would have supported an early termination motion after 18 months.

## Argument

Title 18, United States Code, Section 3583(e)(1) provides that the Court has authority to terminate the defendant's supervised release after one year of supervision if the Court is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice. "Supervised release was designed to improve the odds of a successful transition from prison to liberty." *United States v. Perry*, 397 F. App'x 521, 522 (11th Cir. 2010) (citing *Johnson v. United States*, 529 U.S. 694, 708-

4

09 (2000)). "The statute's requirement that courts examine §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7), before terminating supervised release, however, indicates that these were not Congress's only goals; the nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, and uniformity of sentences among defendants committing the same types of crimes, are all also considerations related to supervised release." *Perry*, 397 F. App'x at 522.

Defendant is not entitled to early termination of his supervised release *simply* because he has been fulfilling the minimum conditions of the supervision. As succinctly expressed by the Honorable Wm. Terrell Hodges in denying a motion for early termination of supervised release by a criminal defendant:

> A period of supervised release, as a criminal sanction, is a lenient but nonetheless punitive sentence designed in part to serve the interests of retribution, as well as specific deterrence. Ordinarily, therefore, the mere fact that a Defendant has adjusted well and has complied with the terms and conditions of supervised release affords no justification for early termination; some special hardship should be shown that has the effect of rendering the sentence more punitive or more onerous than contemplated by the Court at the time of imposition.

*United States v. Perez*, Case No. 5:96-cr-17-Oc-10GRJ (M.D. Fla. Dec. 9, 2004). Other districts hold that, "full compliance with the terms of the supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (holding that a defendant is not entitled to early termination

simply because he successfully served a portion of his supervised release); *citing Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (holding that a defendant's motion to terminate supervised release is insufficient when a defendant has not proven any unusual or exceptional circumstances to warrant termination and has cited only the passage of time).

In reviewing the Section 3553(a) factors, this Court determined that a term of supervised release of three years was necessary to achieve the statutory purposes of sentencing. Supervised release imposes no apparent hardship on defendant. Moreover, defendant's history of substance abuse, including while on pretrial supervision, as well as his history of dishonesty to his supervising officer and the court while he was on bond reflect a need to continue his supervision. Moreover, defendant's motion itself reflects that he continues to engage in thinking that absolves himself of personal responsibility for the actions he took that led him to becoming a federal felon.

Defendant further argues that this Court should terminate his supervised release because, he believes, he has a strong claim to having been wrongly convicted in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Doc. 87 at 10. Defendant misreads *Rehaif*. *Rehaif* would only have required the extra element be demonstrated that defendant knew he was an unlawful user of controlled substances (which he very clearly did), not that he knew he was prohibited from possessing firearms. Any motion defendant may bring based on *Rehaif* would be without merit,

6

and certainly does not form a compelling basis to terminate defendant early from his supervised release.

Finally, a hearing on the defendant's motion is not required. *Johnson*, 529 U.S. 694, 708-09 (2000); *see also United States v. Reagan*, 162 Fed. App'x 912, 913 (11th Cir. 2006) (no evidentiary hearing is required before refusing to terminate supervised release because the refusal is not a modification of the conditions of the supervised release).

## CONCLUSION

Defendant has not set forth any compelling grounds in favor of the relief he seeks, and his criminal history reflects that it is appropriate to require him to complete the entire term of supervised release originally ordered.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:  */s/ Laura Cofer Taylor*
LAURA COFER TAYLOR
Assistant United States Attorney
USAO No. 170
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:   (904) 301-6300
Facsimile:   (904) 301-6310
E-mail:   laura.c.taylor@usdoj.gov

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2023, a true and correct copy of the foregoing document and the notice of electronic filing were sent by email to the following non-CM/ECF participants:

> Jonathan Cody
> Cody.Jon55@gmail.com

*s/ Laura Cofer Taylor*
LAURA COFER TAYLOR
Assistant United States Attorney
